UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADRIAN BURUNDA,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    *Respondents.*

2:08-cv-01563-JCM-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court for a final decision on the remaining claims.

## *Background*

Petitioner challenges his 2006 Nevada state conviction and sentence, pursuant to a guilty plea, of conspiracy to commit robbery, burglary while in possession of a firearm, and robbery with the use of a deadly weapon. Petitioner did not file a direct appeal, but he did pursue a timely state post-conviction petition. On federal habeas review, this court granted respondents' unopposed motion to dismiss ground 2 of the petition. The matter now comes on for decision on the multiple claims of ineffective assistance of counsel presented in ground 1 of the petition.

## *Standard of Review*

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential" standard for evaluating state-court rulings that is "difficult to meet" and "which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). Under this highly deferential standard of review, a federal court

may not grant habeas relief merely because it might conclude that the state court decision was incorrect. 131 S.Ct. at 1411. Instead, under 28 U.S.C. § 2254(d), the court may grant relief only if the state court decision: (1) was either contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 131 S.Ct. at 1398-1401.

A state court decision is "contrary to" law clearly established by the Supreme Court only if it applies a rule that contradicts the governing law set forth in Supreme Court case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result. *E.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003). A state court decision is not contrary to established federal law merely because it does not cite the Supreme Court's opinions. *Id.* Indeed, the Supreme Court has held that a state court need not even be aware of its precedents, so long as neither the reasoning nor the result of its decision contradicts them. *Id.* Moreover, "[a] federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." 540 U.S. at 16, 124 S.Ct. at 11. For, at bottom, a decision that does not conflict with the reasoning or holdings of Supreme Court precedent is not contrary to clearly established federal law.

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it is demonstrated that the state court's application of Supreme Court precedent to the facts of the case was not only incorrect but "objectively unreasonable." *E.g., Mitchell*, 540 U.S. at 18, 124 S.Ct. at 12; *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of Section 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The

governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> . . . . [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence.

The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Pinholster*, 131 S.Ct. at 1398.

### *Governing Substantive Law*

The decisions in *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), sharply curtail the possible grounds available for challenging a conviction entered following a guilty plea. As the court stated in *Tollett*:

> . . . . [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [constitutional] standards [established for effective assistance of counsel.]

411 U.S. at 267, 93 S.Ct. at 1608. Accordingly, "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." *Id.*

In *Hill*, the court held that the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges to guilty pleas based on alleged ineffective assistance of counsel. 474 U.S. at 58, 106 S.Ct. at 370. Accordingly, a

petitioner seeking to set aside a guilty plea due to ineffective assistance of counsel must demonstrate: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the defective performance resulted in actual prejudice. 474 U.S. at 58-59, 106 S.Ct. at 370.

On the performance prong, the question is not what counsel might have done differently but rather is whether counsel's decisions were reasonable from counsel's perspective at the time. In this regard, the reviewing court starts from a strong presumption that counsel's conduct fell within the wide range of reasonable conduct. *E.g.,Beardslee v. Woodford*, 327 F.3d 799, 807-08 (9th Cir. 2003).

On the prejudice prong, as a general matter under *Strickland*, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *E.g.,Beardslee*, 327 F.3d at 807-08. Application of this general principle to the specific context of a guilty plea leads to the requirement that the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

Under *Hill*, a challenge to the voluntariness of a guilty plea potentially may be based upon a claim of ineffective of assistance of counsel in proceedings prior to the plea. As the court observed:

> . . . . For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. . . . . As we explained in *Strickland v. Washington, supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." Id., 466 U.S., at 695, 104 S.Ct., at 2068.

474 U.S. at 59-60, 106 S.Ct. at 370-71.  Thus, an attorney's unprofessional error in failing to develop a meritorious defense may serve as a basis for overturning a guilty plea and conviction if, viewed objectively, there is a reasonable probability that, but for the error, the petitioner would not have pled guilty and would have insisted on going to trial.

While surmounting *Strickland*'s high bar is "never an easy task," federal habeas review is "doubly deferential" in a case governed by the AEDPA.  In such cases, the reviewing court must take a "highly deferential" look at counsel's performance through the also "highly deferential" lens of § 2254(d).  *Pinholster*, 131 S.Ct. at 1403 & 1410.

### *Discussion*

Petitioner combines a number of largely conclusory claims of ineffective assistance of counsel within ground 1, which the court identifies by subject matter heading below.

### *Alleged Failure to Challenge Sentencing as an Adult*

Petitioner alleges that counsel was ineffective for allowing him to be sentenced without his properly being adjudicated as an adult.

The state supreme court rejected this claim on the following grounds:

> . . . [A]ppellant claimed that his trial counsel was ineffective for proceeding to his plea without seeking to adjudicate whether appellant was a juvenile or consulting appellant about the possibility of such an adjudication.  Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. According to an order filed May 19, 2006, the juvenile court, after having a certification hearing and conducting a full investigation, found probable cause to believe that the appellant committed the crimes and further found cause to certify appellant to adult status. Further, there is no indication that the juvenile court erred in determining that it did not have jurisdiction over appellant. Appellant was 16 years old at the time of the instant offense, was accused of an offense involving the use of a firearm, and had previously been adjudicated delinquent for numerous acts including burglary, conspiracy to commit burglary, and grand larceny.[FN4] Therefore, the district court did not err in denying this claim.
>
> [FN4] See NRS 62B.330(3)(c) (providing that the juvenile court lacks jurisdiction over a person charged with committing an offense "involving the use or threatened use of a firearm" if the "person was 16 years of age or older" at the time of the alleged act involving the use of a firearm and that

1
2
"person previously had been adjudicated delinquent for an act that would have been a felony if committed by an adult").

#8, Ex. 31, at 2-3.

Petitioner has failed to establish, in his conclusory factual presentation in the petition and reply, that the state supreme court's rejection of this claim was either contrary to or an unreasonable application of clearly established federal law, whether in *Strickland*, *Hill*, *Tollett*, or otherwise.

Petitioner's relies upon *United States v. James*, 556 F.3d 1062 (9th Cir. 2009), *United States v. Juvenile*, 451 F.3d 571 (9th Cir. 2006), *United States v. Campbell*, 616 F.2d 1151 (9th Cir. 1980), *Jones v. Wood*, 114 F.3d 1002 (9th Cir. 2007); and *Dyer v. Crisp*, 613 F.2d 275 (10th Cir. 1980). This reliance is misplaced.

*James* and *Juvenile* concern application of the Federal Juvenile Delinquency Act in federal criminal proceedings. Petitioner was convicted in Nevada state court under Nevada state law. Federal decisions regarding the application of a federal statute in a federal criminal trial are irrelevant.

*Campbell, Jones*, and *Dyer* support merely the broad general proposition that the Sixth Amendment guarantees a defendant reasonably competent and effective representation of counsel. The decisions otherwise make no holding apposite to this case. The cases further emphasize well-established law that mistake-free counsel is not guaranteed by the Sixth Amendment and that the petitioner therefore must show resulting prejudice. Here, petitioner has demonstrated neither mistake nor prejudice, as the state supreme court held that he properly was sentenced as an adult under state law.

In all events, petitioner must show that the state supreme court's decision was contrary to or an unreasonable application of clearly established federal law *as determined by the United States Supreme Court*. Citation to federal appellate decisions applying a federal statute in federal criminal proceedings and/or generally supporting only the broad proposition that a defendant is entitled to reasonably competent counsel does not carry petitioner's burden on highly deferential AEDPA review.

-6-

As respondents observe, the state supreme court is the final arbiter of Nevada state law.  The state supreme court's conclusion that petitioner properly was sentenced as an adult under state law completely undermines his claim of ineffective assistance of counsel.  Merely because petitioner was sixteen at the time of the offense does not, in and of itself, preclude his sentencing as an adult.  Nor does it require an evidentiary hearing on the claim in federal court to revisit a binding state supreme court determination under state law that petitioner properly was sentenced as an adult.  The state supreme court held that petitioner was properly sentenced as an adult under Nevada state law.  That is the end of the matter as to this claim.

This claim accordingly fails to present a basis for federal habeas relief.

***Alleged Failure to Investigate and Present Mitigating Evidence at Sentencing***

Petitioner alleges that counsel was ineffective for failing to investigate and present mitigating witnesses and evidence at his sentencing.

The state supreme court rejected this claim on the following grounds:

> . . . [A]ppellant claimed that his trial counsel was ineffective for failing to present witnesses and mitigating evidence at his sentencing hearing. Appellant did not demonstrate that his counsel was deficient or that he was prejudiced. Appellant did not specifically identify the possible or potential witnesses who would have offered testimony or the possible evidence that his counsel could have offered in mitigation. Therefore, the district court did not err in denying this claim.

#8, Ex. 31, at 5-6 (citation footnote omitted).

Petitioner has failed to establish, in his conclusory factual presentation in the petition and reply, that the state supreme court's rejection of this claim was either contrary to or an unreasonable application of clearly established federal law.  Here, too, his citation to federal appellate cases making broad general statements about the right to effective assistance of counsel does not carry petitioner's burden of persuasion on deferential AEDPA review.  The presentation of such broad, generalized statements with factual allegations completely devoid of specifics represents the epitome of an insufficient claim for habeas relief under the governing standard of review.

Moreover, as the Ninth Circuit has noted, "the Supreme Court has not delineated a standard which should apply to ineffective assistance of counsel claims in noncapital sentencing cases [such that] ... there is no clearly established federal law as determined by the Supreme Court in this context." *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir.2006)(quoting prior authority); *Davis v. Belleque*, 2012 WL 76897 (9th Cir., Jan. 11, 2012)(unpublished); *Vigil v. McDonald*, 2011 WL 5116915 (9th Cir., Oct. 28, 2011)(unpublished)(harmonizing authority). Because there is no clearly established Supreme Court precedent that applies in this noncapital sentencing context, petitioner cannot establish that the state courts' rejection of his claim was either contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *Id.*

This claim accordingly fails to present a basis for federal habeas relief.

### *Alleged Failure to Advise of "Available Alternatives of Plea"*

Petitioner alleges that counsel was ineffective for failing to advise him "as to available courses (alternatives) of plea that were available."

Petitioner similarly alleged in his state petition only conclusorily that "counsel did not advise petitioner as to the available courses (alternatives) of plea that were available."[1]

The state supreme court rejected this claim on the following grounds:

> . . . [A]ppellant claimed that his trial counsel was ineffective for failing to advise him about other alternatives to pleading guilty. Appellant failed to demonstrate that his counsel was deficient or that he was prejudiced. Appellant did not identify what options his counsel failed to present to him prior to his decision to plead guilty.' Therefore, the district court did not err in denying this claim.

#8, Ex. 31, at 6 (citation footnote omitted).

In the federal reply, petitioner urges for the first time, in state or federal court, that "his attorney made no effort to give him the options available, specifically a recommendation for drug court which would have been realistic and reasonable since counsel knew of petitioner's drug use problems and his desire to get help with his addiction." #15, at 2-3.

---

[1]#8, Ex. 19, at 7.

Petitioner may not wait until the federal reply to allege factual specifics supporting an otherwise conclusory claim. First, a petitioner may not use the federal reply to amend the petition. *See,e.g., Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994). The only way to do so is in a properly-filed amended petition. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a petitioner can amend the petition after the respondents have filed an answer only with the respondents' written consent or by obtaining leave of court to amend. Second, if such amendment were allowed, which petitioner has not sought in this case, the presentation of specific factual allegations supporting a previously bare and conclusory state court claim would fundamentally alter the claim and render the claim unexhausted. Third, under AEDPA, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S.Ct. at 1398. The record that the state supreme court reviewed in this case included only the conclusory, and cryptic, allegation that "counsel did not advise petitioner as to the available courses (alternatives) of plea that were available." That conclusory allegation is all that properly is before this court in reviewing the state supreme court's disposition of the claim.

Against this backdrop, the state supreme court's rejection of the conclusory claim presented to that court was neither contrary to nor an unreasonable application of clearly established federal law. See also 11-13, *infra* (discussion of related claim).

This claim accordingly fails to present a basis for federal habeas relief.

***Alleged Failure to Explain the Constitutional Rights Being Waived***

Petitioner alleges that counsel was ineffective for failing to explain "the full nature of the constitutional protections that he waived."

The state supreme court rejected this claim on the following grounds:

> . . . [A]ppellant claimed that his counsel was ineffective for failing to explain the rights that appellant was waiving with his guilty plea. Appellant asserted that his age and past drug abuse necessitated that his counsel personally discuss each specific right with appellant. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. The guilty plea agreement, which appellant signed, ' set forth the specific constitutional rights that appellant waived as a result of his guilty

-9-

> plea. During the plea hearing, appellant acknowledged that his counsel had discussed the rights that appellant was waiving with his guilty plea and that appellant understood them. Further, appellant. did not describe what specific rights he did not understand or why he would not have pleaded guilty had he been personally canvassed about those rights. Thus, appellant did not sustain his burden of showing that he would not have pleaded guilty and would have insisted upon going to trial had he received a more thorough explanation of each constitutional right he waived with his guilty plea. Therefore, the district court did not err in denying this claim.

#8, Ex. 31, at 4 (citation footnote omitted).

Under 28 U.S.C. § 2254(e)(1), the factual findings of the state supreme court regarding the plea agreement and the plea colloquy are entitled to a presumption of correctness unless petitioner presents clear and convincing evidence to the contrary. Petitioner has not done so, and the state court record amply supports the state supreme court's findings. The guilty plea agreement specifically detailed the constitutional rights that petitioner was waiving, and petitioner acknowledged therein that "[a]ll of the foregoing . . . waiver of rights have been thoroughly explained to me by my attorney." During the plea colloquy, petitioner expressly acknowledged that he had read and understood the plea agreement, that he understood that by pleading guilty that he was giving up these rights, that he had discussed these rights with his attorney, and that he had no questions about the rights being waived. Petitioner further expressly acknowledged in the guilty plea agreement that "[m]y attorney has answered all my questions regarding this guilty plea agreement and its consequences to my satisfaction and I am satisfied with the services provided by my attorney."[2]

On the record presented, the state supreme court's rejection of this claim clearly was neither contrary to nor an unreasonable application of clearly established federal law.

In *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), the Supreme Court stated:

> . . . . [T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable

---

[2] #8, Ex. 11, at 4-5; *id.*, Ex. 12, at 4-5.

> barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

431 U.S. at 73-74, 97 S.Ct. at 1629. The *Blackledge* Court observed that "a petitioner challenging a plea given pursuant to procedures [similar to those employed by the state court in this case] will necessarily be asserting that not only his own transcribed responses, but those given by two lawyers, were untruthful." 431 U.S. at 80 n.19, 97 S.Ct. at 1632 n. 19. Under *Blackledge*, a collateral attack that directly contradicts the responses at the plea proceedings "will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances." *Id*.

Under *Blackledge*, petitioner cannot accomplish what he is trying to do here. He may not overturn an otherwise clearly valid guilty plea, accepted following a thorough plea colloquy, based upon an uncorroborated allegation that his counsel did not explain the constitutional rights that he was waiving when petitioner affirmed both in the guilty plea agreement and during the plea colloquy that his counsel had done so. If petitioner had any questions about the rights that he was waiving, the time to ask them, if he had not done so previously, was when the court asked him whether he had any questions regarding the rights that he was waiving. Petitioner said that he did not. Under clearly established federal law, petitioner may not enter a plea and then, at least successfully, make an uncorroborated claim after the fact that – despite what he affirmed in the plea agreement and during the plea colloquy – his attorney did not explain the rights that he was waiving.

This claim therefore does not provide a basis for federal habeas relief.

### *Alleged Failure to Seek Drug Treatment or Alternative Sentence*

Petitioner alleges that counsel was ineffective for failing to "argue for any kind of drug treatment or alternative sentence."

The state supreme court rejected this claim on the following grounds:

> . . . [A]ppellant claimed that his trial counsel was ineffective for failing to argue for drug treatment or other alternatives at

-11-

>sentencing. Appellant failed to demonstrate that his counsel was deficient or that he was prejudiced. During the sentencing hearing, both appellant and his counsel stated that appellant was a user of methamphetamine. The district court further acknowledged appellant's history of offenses and the influence of drugs in appellant's criminal history. Thus, appellant did not demonstrate that any failure on the part of his counsel prevented the district court from acknowledging appellant's history of drug abuse. Moreover, the district court did not have the authority to sentence appellant to a program of treatment for drug abuse because appellant pleaded guilty to two crimes against a person that were punishable as felonies.[FN7]   To the extent that appellant argued that his counsel should have argued for placement in a residential treatment facility as a condition of probation, he failed to establish prejudice as appellant was not eligible for probation.[FN8] Therefore, the district court did not err in denying this claim.
>
>>[FN7] See 2005 Nev. Stat., ch. 507, § 36 at 2880 (NRS 458.300(1)(a)).
>>
>>[FN8] 1995 Nev. Stat., ch. 455, § at 1431 (NRS 193.165(5)(d)).

#8, Ex. 31, at 5.

As noted previously herein, the factual findings of the state supreme court regarding the sentencing hearing are entitled to a presumption of correctness unless rebutted by clear and convincing evidence to the contrary. Petitioner has not done so here, and the state court record supports the state supreme court's findings.[3]

Further, as also noted previously herein, the state supreme court is the final arbiter of Nevada state law. The state supreme court held that alternative sentencing to a drug treatment program was not available in petitioner's case because of the crimes to which he had pled guilty. The state high court further held that alternative sentencing to a residential treatment facility as part of probation also was not available in petitioner's case because he was not eligible for probation. Indeed, petitioner expressly acknowledged during the plea colloquy that he was not eligible for probation.[4] These state court holdings wholly undercut petitioner's claim, as he cannot identify an alternative sentence that was available to him.

---

[3]See #8, Ex. 14, at 3-4.

[4]#8, Ex. 11, at 4.

Moreover, as also noted previously herein, there is no clearly established Supreme Court precedent delineating a standard that should apply to ineffective assistance of counsel claims in noncapital sentencing cases. *E.g., Davis, supra*. Because there is no clearly established federal law that applies in this noncapital sentencing context, petitioner cannot establish that the state courts' rejection of his claim was either contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *Id.*

This claim accordingly fails to present a basis for federal habeas relief.

### *Alleged Coercion and Inducement of Plea*

Petitioner alleges that counsel was ineffective because counsel allegedly: (a) coerced his plea by telling petitioner that the judge would be angry if he went to trial and would sentence him to life, and (b) induced his plea by telling him "that since this is your first adult conviction it is *possible* the judge *might* give you probation."[5]

The state supreme court rejected this combined claim on the following grounds:

> Second, appellant claimed that his counsel was ineffective for coercing him to plead guilty by telling him that the court would be "angry" and could possibly sentence him to life in the Nevada State Prison if appellant proceeded to trial. Appellant failed to demonstrate that his counsel was deficient or that he was prejudiced. Appellant stated, in the plea agreement and during the plea canvass, that he was not pleading guilty as a result of threats or coercion. Therefore, the district court did not err in denying this claim.
>
> Third, appellant claimed that his counsel was ineffective for inducing him to plead guilty by telling appellant that he would receive probation. Appellant failed to demonstrate that his counsel was deficient or that he was prejudiced. In the plea agreement and during the plea canvass, appellant acknowledged that he understood that the district court could sentence him to any legally permissible sentence and was not bound by the plea negotiations. Moreover, both the plea agreement and the district court informed appellant of the potential sentences he faced for each count and of the fact that the sentence for robbery with the use of a deadly weapon was not probationable. As appellant was notified of the possible sentences and that he was not eligible for probation, he did not sustain his burden of showing he would not

---

[5]#4, at 3 (emphasis added).

> have pleaded guilty but for his counsel's assertion that appellant might receive probation. Therefore, the district court did not err in denying this claim.

#8, Ex. 31, at 3-4 (supporting caselaw footnote omitted).

As noted previously, the factual findings of the state supreme court regarding the plea agreement and the plea colloquy are entitled to a presumption of correctness unless petitioner presents clear and convincing evidence to the contrary. Petitioner has not done so, and the state court record amply supports the state supreme court's findings.

In the guilty plea agreement, petitioner acknowledged that he understood his sentencing exposure as outlined therein, that he was not eligible for probation, that he had not been promised or guaranteed any particular sentence by anyone, that the court was not obligated to accept the sentencing recommendation made, and that he was "not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this agreement."[6]

During the plea colloquy, petitioner acknowledged that he understood his sentencing exposure as outlined by the court, that he was not eligible for probation, that no one had threatened him to get him to plead guilty, that sentencing was strictly up to the court, and that nobody could promise him leniency or special treatment.[7]

Under *Blackledge, supra*, a collateral attack that directly contradicts the responses at the plea proceedings "will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances." Under *Blackledge*, petitioner, again, cannot accomplish what he is trying to do here. He may not overturn an otherwise clearly valid guilty plea, accepted following a thorough plea colloquy, based upon an uncorroborated allegations that counsel coerced him into entering a plea by stating that the judge would sentence him to life if he

---

[6] #8, Ex. 12, at 2-3 & 5. Petitioner acknowledged that he was not eligible for probation as to count 3. All of the sentences were imposed to run concurrently, and the count 3 sentence was equal to the count 2 sentence and longer than the count 1 sentence. The sentence structure imposed thus did not allow for any possibility of probation.

[7] #8, Ex. 11, at 3-4.

1  went to trial and that counsel induced the plea by stating that he might receive probation,
2  which he clearly could not.  These allegations directly contradict his affirmations in the plea
3  agreement and during the plea colloquy.  If petitioner felt that he was being coerced or
4  induced into entering a plea by threats and/or promises as to his sentence, notwithstanding
5  what was in the plea agreement, the time for him to speak up was during the plea colloquy.
6  Under clearly established federal law, petitioner may not enter a plea and then, at least
7  successfully, make an uncorroborated claim after the fact that – despite what he affirmed in
8  the plea agreement and during the plea colloquy – he was coerced or induced into a plea.
9      This claim therefore does not provide a basis for federal habeas relief.
10     IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus shall be
11 DENIED and that this action shall be DISMISSED with prejudice on the merits.
12     IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Reasonable
13 jurists would not find debatable or wrong this court's conclusion that the state supreme court's
14 rejection of petitioner's claims was neither contrary to nor an unreasonable application of
15 clearly established federal law.  Petitioner's claims challenging his guilty plea based upon
16 alleged ineffective assistance of counsel variously are completely undercut by state law
17 holdings by the state supreme court directly contrary to his position, are based upon wholly
18 bare and conclusory claims, and/or are based upon uncorroborated *post hoc* allegations that
19 are directly contradicted by petitioner's affirmations in the guilty plea agreement and during
20 the plea colloquy.  The state supreme court's rejection of such claims plainly was neither
21 contrary to nor an unreasonable application of clearly established law, under the "doubly
22 deferential" standard of review applicable to such claims under the controlling law.
23     The clerk of court shall enter final judgment accordingly, in favor of respondents and
24 against petitioner, dismissing this action with prejudice.
25     DATED February 14, 2012.

_____
JAMES C. MAHAN
United States District Judge

-15-